# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| MALLIE J. SECKINGER, SR., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CV415-306 |
| BANK OF AMERICA, N.A.,[1] | ) |
| Defendant. | ) |

## ORDER

In this Fair Credit Reporting Act (FCRA) case, defendant Bank of America (BOA) moves to dismiss plaintiff Mallie Seckinger's Complaint or, in the alternative, strike his brief in support and order him to replead. Doc. 10. Seckinger counters only that *pro se* litigants are afforded liberties not accorded represented parties. Doc. 14.

## I. BACKGROUND

Last year, Seckinger sued defendant and the three major credit reporting agencies (Equifax, Experian, and TransUnion) for a "disputed credit card issue." Doc. 1 at 2. BOA, says plaintiff, "knowingly and

---

[1] Seckinger sued "Bank of America." Doc. 1 at 1. "Bank of America, N.A.," says defendant, is the proper entity, as plaintiff appears to acknowledge. *See* doc. 3 at 1 ("The Defendant is Bank of America, N.A."). The Clerk is **DIRECTED** to conform the docket caption to the one used above. All future filings shall conform.

maliciously reported false information to the Credit repositories . . . thereby violating . . . 15 U.S.C. § 1681." *Id.* "The defendant had full prior knowledge that the information it provided specific to the this [sic] legal action was hopelessly flawed yet failed on multiple occasions to report this fact to the credit repositories." *Id.*

Beyond conclusory statements about damages suffered (*see, e.g.*, doc. 1 at 2), that's the Complaint in its entirety. Seckinger also, however, filed a "Brief in Support of Complaint." Doc. 3. That filing is 2-3 pages of factual allegations, 24 pages of legal argument, and 431 pages of supporting documentation. *Id.*

From the brief, the Court discerns that plaintiff opened a credit card account with Wachovia in 2006 that BOA "inherited" when it purchased Wachovia. Doc. 3 at 2. Seckinger discovered "irregularities" with the account, which BOA ultimately closed after he paid a "settlement amount." *Id.* at 2-3. Two months after closing, BOA "unilaterally" resurrected the account without notifying Seckinger. *Id.* at 3. Although he "never used the account either during the time it was closed or after it was resurrected," plaintiff thereafter "began receiving

multiple past due notices. *Id.* He asked BOA to "correct its error," but it did not, and instead continued "aggressive collection efforts." *Id.*

Those failed. BOA then charged off the debt, sold it three times to three different debt collectors, and reported the charge off to the Internal Revenue Service. Doc. 3 at 4. Seckinger "requested a copy of [his] personal credit report in November 2013 from each of the three credit" reporting agencies, and all three showed "that the account had been superstitiously [sic] resurrected . . . reported as delinquent for five months and then charged off." *Id.* He notified the agencies of the misreporting and "attached documentation as irrefutable proof as to the true facts." *Id.* at 5. The agencies nevertheless "failed to correct the mistakes . . . in subsequent credit reports." *Id.*

Almost two years after discovering the alleged reporting inaccuracies on November 21, 2013, Seckinger filed this action. Doc. 1 (filed November 13, 2015). BOA moved to dismiss, arguing that the Complaint (doc. 1) does not "identify what specific provision of the FCRA [plaintiff] claims that the Bank violated," much less "allege sufficient facts to state" an FCRA claim. Doc. 10. Given plaintiff's voluminous "brief in support of complaint" (458 pages of argument and supporting

documents), BOA presses for, at a minimum, repleading under Fed. R. Civ. P. 12(e). *Id.* at 7.

## II. ANALYSIS

Seckinger's Complaint in isolation unquestionably fails to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (reinterpreting the pleading standard of Fed. R. Civ. P. 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief").[2] "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

---

[2] Rule 8(a)(2) requires not only "'fair notice'" of the nature of the claim but also "'the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *id.* at 558 ("Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief."). To satisfy this pleading burden a plaintiff must allege facts that allow more than the mere "possibility" of recovery. *Id.* at 557 (a complaint must cross the line from possibility to "plausibility"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully"). Thus, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Seckinger's Complaint contains no more than vague pronouncements of injuries suffered (*e.g.*, plaintiff has suffered "extensive financial harm" because BOA "imped[ed his] ability to make a living and provide for his family") and conclusory statements about BOA's intentions ("Defendant has made multiple conscious and well informed decisions . . . to be in willful noncompliance . . . with the [FCRA]."). He supplies no facts, much less "sufficient fact[s] . . . to state a claim to relief." *Id.*

4

556 U.S. at 678 (emphasis added). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal citation omitted).

Seckinger's complaint contains almost no facts and leaves the Court, not to mention BOA, unable to determine what specifically he contends occurred. Plaintiff fails to identify which specific provision of the FCRA the defendant allegedly violated, much less state nonconclusory factual allegations that plausibly suggest that he is entitled to relief. His complaint, therefore, is deficient under Rule 8(a)(2).

This is not the end of the analysis, however, for "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015). "Even so, a *pro se* pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). And, as BOA

correctly notes, "[e]ven a *pro se* litigant is required to comply with the rules of procedure." *LaCroix*, 627 F. App'x at 818. Nevertheless, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires").

Seckinger's "brief in support" makes clear that an amended complaint "might state a claim." *Jenkins*, 620 F. App'x at 711. BOA allegedly reopened a closed credit card account, reported Seckinger's phantom delinquency to credit bureaus, then sold the once-again charged off account to multiple debt collectors. *See* doc. 3 at 2-4. Plaintiff's brief provides a level of factual detail that, while absent from the Complaint, may well state a FCRA claim if taken as true

The Court, however, will not blend two documents -- a complaint and a "brief in support" -- into an amended pleading in service of

leniency to *pro se* litigants. That muddies the water and puts the Court in position of "*de facto* counsel for a party." *LaCroix*, 627 F. App'x at 818. Only Seckinger can cull the relevant facts from his brief (he need not include legal conclusions or supporting documents), input them into an Amended Complaint, and otherwise satisfy Rule 8's pleading standard. While his complaint must set forth sufficient *facts* showing that he is entitled to relief, it must also be "short and plain." Rule 8(a)(2).

## III. CONCLUSION

Hence, plaintiff Mallie Seckinger has 21 days from the date this Order is served to amend his Complaint. Defendant Bank of America's Fed. R. Civ. P. 12(e) motion for more definite statement is **GRANTED**. Doc. 9

SO ORDERED, this 6th day of April, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA