# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MALLIE SECKINGER,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　CV415-306
　　　　　　　　　　　　　　　　)
BANK OF AMERICA, N.A., and　　　)
EQUIFAX INFORMATION　　　　　　)
SERVICES, LLC,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　 )

## **REPORT AND RECOMMENDATION**

In this Fair Credit Reporting Act (FCRA) case, defendant Bank of America (BOA) moves to dismiss the state law claims, set forth in sections III, V, VI, VII, and VIII[1] of the Second Amended Complaint (SAC), as pre-empted by federal law. Doc. 38. Plaintiff Mallie Seckinger opposes the motion. Doc. 41.

## 1. BACKGROUND

Seckinger alleges claims against both BOA and Equifax Information Services (Equifax) for the reporting of negative information

---

[1] BOA also seeks dismissal of "state-law claims set forth" in section I, but section I does not contain any state-law claim. Doc. 7 at 4; *see* doc. 36 (SAC) at ¶¶ 31-41 (stating claim for violations of the FCRA).

on his credit report. Doc. 36 (SAC). He claims he made a final payment of an "agreed settlement amount" on a disputed BOA account balance. *Id.* at ¶¶ 7-8. BOA accepted the payment, removed the disputed account from his credit report, and closed the account "as agreed." *Id.* at ¶ 9. Then, to his surprise, "defendants" reinserted the delinquent account information on his credit report. *Id.* at ¶ 10. From April through December 2014, Plaintiff thrice disputed the negative information with Equifax and then disputed the report directly with BOA. *Id.* at ¶¶ 12-17. However, the negative information remained on his credit report, despite his objections. *Id.* at ¶¶ 21-24. He alleges damages stemming from BOA's "false reporting" of a delinquent account and both defendants' failure to properly investigate his disputes.

Plaintiff alleges that this conduct violates §§ 1681s-2 and 1681i of the FCRA and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390. He also alleges various claims arising from state law, including invasion of his right to privacy, "malicious" defamation, and "tortious debt collection practices," warranting punitive damages. BOA seeks dismissal of Seckinger's state-law claims because they are preempted by the Fair Credit Reporting Act.

2

## II. ANALYSIS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974). The complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557 (while there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged.").

Plaintiff claims BOA violated the FCRA and a host of state laws. The FCRA protects consumers from having inaccurate information about their credit status circulated to credit reporting agencies. *Pickney v. SLM Fin. Corp.*, 433 F. Supp. 2d 1316, 1318 (N.D. Ga.2005) (internal cites omitted). Furnishers of information to credit reporting agencies have a duty to, among other things, investigate disputed information and report the results of these investigations to credit

reporting agencies. *Id.* The FCRA contains two preemption provisions, §§ 1681h(e) and 1681t(b)(1)(F). Section 1681t(b)(1)(F) applies to "furnishers" of credit information to credit reporting agencies, like BOA:

> Section 1681t(b)(1)(F) provides, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ." 15 U.S.C. § 1681t(b)(1)(F). The subject matter under § 1681s-2 includes a prohibition against furnishers providing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2. Plaintiff alleges that Defendants generated false, malicious, and defamatory documents and submitted them to credit reporting agencies. This conduct falls within § 1681s-2 as it implicates Defendants' responsibilities as furnishers of information to consumer reporting agencies. As such, it is clear that § 1681t(b)(1)(F) preempts Plaintiff's state law [ ] claim.

*See Howard v. DirecTV Grp., Inc.*, 2012 WL 1850922 at *7 (S.D. Ga. May 21, 2012).

Taking the allegations of the SAC as true, *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002), BOA was merely a "furnisher" of "false, malicious, and defamatory" information to Equifax (and other credit reporting agencies). *Howard*, 2012 WL 1850922 at *7;

*see generally*, SAC. As such, BOA's conduct[2] in reporting and affirming negative information on plaintiff's credit report clearly falls under the FCRA preemption provision set forth in § 1681t(b)(1)(F). *Daley v. JPMorgan Chase & Co.*, 2014 WL 12115909 at *4 (N.D. Ga. May 19, 2014) (dismissing defamation, tortious interference with business relations, invasion of privacy, and intentional infliction of emotional distress claims as preempted by § 1681t because they "all relate to the defendants' alleged malicious reporting of false information to credit reporting agencies."); *Blackburn v. BAC Home Loans Servicing, LP*, 2012 WL 4049433 at *6 (M.D. Ga. Sept. 13, 2012) (any "claims based on allegations that BAC reported inaccurate credit information to credit bureaus clearly arise from conduct regulated by § 1681s-2" and was thus preempted by the FCRA).

Plaintiff's state-law claims for "tortious debt collections

---

[2] Defendant contends that Seckinger cannot rely on the general preemption provision in the FCRA, 15 U.S.C. § 1681h(e), to save his state-law claims. Doc. 38 at 8-10. Under this older provision, a furnisher of information is not protected by the FCRA's preemption provisions if "the information it provided was both false and also given with the malicious or willful intent to damage the consumer." *Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1002 (11th Cir. 2008) (per curiam). This provision was superseded by the extra preemption protection in § 1681t(b)(1)(F). *See Purcell v. Bank of America*, 659 F.3d 622, 623 (7th Cir. 2011); *Ross v. FDIC*, 625 F.3d 808, 813 (4th Cir. 2010). Though plaintiff has yet to make such an argument, BOA is correct that § 1681h(e) does not apply in this case.

practices"[3] (assuming such a tort exists either under statute or in the common law, or that plaintiff's SAC can be read to state a claim instead for "unreasonable bill-collection practices" as recharacterized in his opposition to the motion to dismiss) and violation of O.C.G.A. § 10-1-390 et seq.[4] are thus preempted by the FCRA and should be **DISMISSED**.

---

[3] Seckinger's request to dismiss "his claims for invasion of privacy by intrusion upon seclusion, and Defamation as pleaded" pursuant to Fed. R. Civ. P. 41(a)(2) is **GRANTED.**

[4] BOA contends that even if it were not preempted by the FCRA, Seckinger's claim under the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. § 10-1-390 et seq., fails because the Act does not apply to creditors like the Bank" or "to highly regulated activities such as lending." Doc. 38 at 12-14.

As pled in the SAC, the disputed negative information furnished by BOA on plaintiff's credit report came from an account which BOA issued as a creditor. See SAC at ¶ 7. The Act, which applies the definition of "debt collector" as defined in the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., does not apply to "creditors" who offer or extend credit. See 15 U.S.C. § 1692(a); Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1313 (11th Cir. 2015) ("creditors typically are not subject to the FDCPA."). As plaintiff admits, BOA is a "creditor" rather than a "debt collector" within the meaning of the GFBPA, doc. 41 at 9 ("it is undisputed that a consumer transaction occurred between BOA and Seckinger, which involves his Account which BOA issued in its capacity as a creditor."), and thus does not come under the ambit of the GFBPA.

Nor does the Act apply to highly regulated activities, like lending and servicing of loans. See Chancellor v. Gateway Lincoln-Mercy, Inc., 233 Ga. App. 38, 45 (2009) (the GFBPA applies "only to the unregulated consumer marketplace and [does] not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise."). Seckinger has alleged deceptive and misleading conduct with an impact on his personal financial welfare -- not unfair or deceptive public conduct "that has actual or potential harm to the consumer public, and that encourages consumer transactions as a consequence of such prohibited conduct." Id. at 44 ("The [GFBPA] does not 'provide an additional remedy for private wrongs which do not and could not affect the consuming public generally.'") (quoting Zeeman v. Black, 156 Ga. App. 82,

Finally, defendant seeks dismissal of Seckinger's request for punitive damages. Doc. 38 at 14. Plaintiff quotes O.C.G.A. § 51-12-5.1(b) to conclude that BOA acted with a "degree of wantonness and that entire want of care which would raise the presumption of a conscious indifference to the consequences" in misreporting and failing to aggressively investigate his disputed credit report item. Doc. 36 at ¶ 100; *see* O.C.G.A. § 51-12-5.1(a) (punitive damages may be awarded only where "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."). However, "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 8. The SAC asserts no facts that would support a finding of maliciousness or willful misconduct sufficient to justify a punitive damages award, under either state law or the FCRA[5].

---

82-83 (1980). Because Seckinger alleges conduct in a highly regulated area that affects only him, he cannot seek redress under the GFBPA.

[5] The FCRA also provides for the imposition of punitive damages against any person that "willfully" fails to comply with any requirement imposed under the Act. *See* 15 U.S.C. § 1681n(a)(2). "'To show willful noncompliance with the FCRA, the

## III. CONCLUSION

Defendant Bank of America's motion to dismiss claims III, V, VI, VII, and VIII from the Second Amended Complaint should be **GRANTED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

---

Plaintiff must show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not show malice or evil motive.'" *Jordan v. Equifax Info. Servs., LLC*, 410 F. Supp. 2d 1349, 1354 (N.D. Ga. 2006) (quoting *Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir. 1998)); *Moore v. Equifax Info. Servs. LLC*, 333 F. Supp. 2d 1360, 1365 (N.D. Ga. 2004). Seckinger, however, alleges that BOA "negligently" reported negative credit information and "negligently" and "willfully" failed to properly investigate his dispute -- not that BOA knowingly and intentionally refused or failed to comply with the FCRA. SAC at ¶¶ 31-41. Punitive damages pursuant to the FCRA are therefore also inappropriate.

8

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __6th__ day of January, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA